IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER MAURICE BUCKLEY,    )
                                )
            Plaintiff,          )
                                )
v.                              )        Case No. CIV-24-01216-JD
                                )
COMMISSIONER OF THE SOCIAL      )
SECURITY ADMINISTRATION,        )
                                )
            Defendant.          )

## ORDER

Before the Court is United States Magistrate Judge Chris M. Stephens's Report

and Recommendation ("R. & R.") issued on December 30, 2025.[1] [Doc. No. 17].

Judge Stephens recommends that the Court affirm the final decision of Defendant

Commissioner of the Social Security Administration (hereinafter referred to as

"Defendant" or "Commissioner").[2] [Doc. No. 17 at 1, 22]. Judge Stephens advised

Plaintiff of his right to file an objection to the R. & R. with the Clerk of Court by January

13, 2026, and explained that failure to timely object waives the right to appellate review

of both factual and legal issues contained in the R. & R. [*Id.* at 22 (citing 28 U.S.C.

§ 636(b)(1), Fed. R. Civ. P. 72(b)(2), and *Moore v. United States*, 950 F.2d 656, 659

(10th Cir. 1991))].

---

[1] This case was referred to Judge Stephens on February 4, 2025. [Doc. No. 8]. The record contains the Social Security Administration Record filed by Defendant [Doc. No. 5], and the parties' arguments in their briefs [Doc. Nos. 11, 16].

[2] As noted in the R. & R., Frank J. Bisignano is the Commissioner. [Doc. No. 17 at 1 & n.2].

Plaintiff filed a timely objection [Doc. No. 18], and Defendant responded [Doc. No. 19]. The Court must make a de novo determination regarding the issues raised in Plaintiff's objection and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

For the reasons explained in this Order, the Court accepts the R. & R.

## I.       BACKGROUND

The Commissioner's decision that Plaintiff is not disabled is set forth in a written decision issued by an Administrative Law Judge (the "ALJ") after a telephonic hearing. [Doc. No. 5-2 at 15–24].[3] The ALJ found that Plaintiff has the following severe impairments: retinal detachments and defects, back pain, a history of carpal tunnel syndrome, depressive disorder, and anxiety disorder. [*Id.* at 17]. The ALJ found those impairments significantly limit Plaintiff's ability to perform basic work activities. [*Id.*]. The ALJ determined the following regarding Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except frequently climbing ramps or stairs; never climbing ladders, ropes or scaffolds; frequently balancing, stooping, kneeing, crouching or crawling; occasionally reaching overhead bilaterally; frequently handling and fingering bilaterally; able to understand, remember and carry out simple and detailed tasks but not complex tasks, and make occasional related judgments; able to concentrate and focus for two hour periods with routine work breaks and pace and persist for an eight-hour work day and 40-hour work week; able to interact with supervisors and coworkers to learn tasks and accept criticism, but can only tolerate

---

[3] For purposes of this Order, the Court cites to the page number at the top of the CM/ECF document on the district court docket.

> incidental/occasional public contact; able to adapt to a work setting and some changes in the work setting.

[*Id.* at 19]. After finding that Plaintiff had no past relevant work [*id.* at 23], the ALJ concluded that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." [*Id.*].

Plaintiff makes the following objections to the R. & R.

First, Plaintiff argues that the ALJ failed to address how persuasive he found consultative examiner Dr. Schipul's opinion and did not specifically discuss required factors for persuasiveness. [Doc. No. 18 at 2–4]. Plaintiff objects to the R. & R.'s conclusion that the ALJ did not need to discuss the persuasiveness of Dr. Schipul's opinion because the ALJ did not treat it as a medical opinion. [*Id.* at 4]. Plaintiff categorizes this conclusion as "an improper *post hoc* attempt to shore up the ALJ's decision." [*Id.*].

Second, Plaintiff states the ALJ failed to assess the opinions of the Commissioner's hired experts, Ms. Walker and Ms. Phillip. [*Id.* at 5]. Plaintiff argues that, if the ALJ found their reports to have missing information, the ALJ should have recontacted them for opinions about specific functional limitations and disagrees with the R. & R.'s assessment that the lack of medical opinion does not make their reports incomplete or inadequate under the Social Security regulations. [*Id.* at 6–7].

Third, Plaintiff states that the ALJ did not adequately assess the persuasiveness of the state agency physicians' opinions regarding Plaintiff's shoulder limitations. [*Id.* at 7–

9]. Plaintiff argues that the ALJ committed reversible error by not discussing specific inconsistencies regarding Plaintiff's ability to reach. [*Id.* at 9].

Lastly, Plaintiff argues that the ALJ should have included additional reaching and visual limitations in his hypothetical questions and in the RFC. [*Id.* at 9–10]. Plaintiff states that the R. & R. improperly included *post hoc* justifications for the ALJ's failures to take into account Plaintiff's reaching and visual limitations at step five. [*Id.* at 11–12].

The Court addresses each of Plaintiff's objections in turn below. For the reasons explained, the Court agrees with Judge Stephens's findings and concurs with his recommendation affirming the Commissioner's decision.

## II.    **ANALYSIS**

### A.    **The R. & R. correctly evaluated the ALJ's treatment of Dr. Schipul's opinion.**

The Court first addresses Plaintiff's objection regarding the R. & R.'s finding that the ALJ did not err by failing to evaluate the persuasiveness of the opinion of Dr. Schipul because his opinion was not a medical opinion. Plaintiff does not specifically object to the conclusion that Dr. Schipul's opinion was not a medical opinion but instead objects to the fact that the R. & R. reached that conclusion because the ALJ did not state he was not treating it as a medical opinion. [Doc. No. 18 at 4 ("Claimant points out this is an improper *post hoc* attempt to shore up the ALJ's decision.")]. However, as cited by the R. & R., the Tenth Circuit has examined an ALJ's treatment of a particular opinion and found that no error was present when the ALJ failed to evaluate its persuasiveness when the evidence supported that it was not a medical opinion. *See Staheli v. Comm'r, SSA*, 84

F.4th 901, 907 (10th Cir. 2023). Judge Stephens's role was to determine whether the

ALJ's "factual findings are supported by substantial evidence in the record and whether

the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th

Cir. 2010). Accordingly, the R. & R. properly examined Dr. Schipul's opinion to

determine if the ALJ applied the appropriate legal standard to that opinion. Any error on

the ALJ's part by not stating he was not treating the opinion as a medical opinion is

harmless. *See Moua v. Colvin*, 541 F. App'x 794, 798 (10th Cir. 2013) (unpublished)

("No principle of administrative law or common sense requires us to remand a case in

quest of a perfect opinion unless there is reason to believe that the remand might lead to a

different result.") (quoting *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)).

**B.      The R. & R. correctly evaluated the ALJ's treatment of the reports of Ms. Walker and Ms. Phillip.**

Plaintiff also objects to the R. & R.'s conclusion that the ALJ was not required to

address the persuasiveness of the reports of Ms. Walker and Ms. Phillip because they are

not medical opinions. [Doc. No. 18 at 5]. The R. & R. stated that "Plaintiff does not point

to any statements from the CEs regarding Plaintiff's functional abilities, and the

undersigned did not find any in review of the records." [Doc. No. 17 at 6–7 (internal

citations omitted)]. In response, Plaintiff states as follows:

> But it is clear Ms. Walker, at least, provided opinions about functional
> limitations (and, importantly, her report states "All Records Reviewed"
> indicating she based her opinions on at least some of Claimant's medical
> records in addition to her exam), and Claimant further expounds here upon
> those opinions: Claimant's memory is impaired; his abstract reasoning
> "(similarities)" was impaired; his "emotional and behavioral symptoms" are
> "clinically significant in response to an identifiable stressor"; he "appears to
> meet criteria for major depressive disorder"; he is not believed to need a

> payee; and he suffers from Major Depressive Disorder, moderate, with anxious distress. And Ms. Philips provided confirmation and consistency with Dr. Schipul of back pain and shoulder pain and decreased range of motion in the shoulders, as well as the wrist.

[Doc. No. 18 at 5 (internal citations and emphasis omitted)]. However, as cited by the R. & R., the Tenth Circuit has distinguished between "simply clinical observations regarding the nature and severity [of symptoms]" as opposed to the identification of particular limitations and their impact upon what work activities a claimant can or cannot perform due to symptoms. *Roy o/b/o Helton v. Comm'r, SSA*, No. 22-5036, 2022 WL 17726702, at *3 (10th Cir. Dec. 16, 2022) (unpublished). The statements identified by Plaintiff fall into the former category because they do not identify the impact upon Plaintiff's work activities. Accordingly, the Court concludes that the R. & R. properly determined that the reports of Ms. Walker and Ms. Phillip do not constitute medical opinions, thus the ALJ was not required to evaluate their persuasiveness.

Alternatively, Plaintiff states that, if the ALJ found Ms. Walker's and Ms. Phillip's reports incomplete, he should have recontacted them requesting opinions about specific functional limitations. [Doc. No. 18 at 6]. The R. & R. concluded that Plaintiff had not established that the reports were incomplete because the sole basis for incompleteness is that the reports lack medical opinions. [Doc. No. 17 at 8–9]. The Social Security regulations outline the specific factors an ALJ should consider when determining whether a consultative examination report is inadequate or incomplete. *See* 20 C.F.R. § 416.919p(a). Because those factors do not require that the reports contain medical opinions, the Court agrees with the determination of the R. & R. that the ALJ was not

6

required to recontact Ms. Walker and Ms. Phillip because Plaintiff has not demonstrated the reports were incomplete or inadequate. [*See* Doc. No. 17 at 9–10].

### C.    The R. & R. correctly considered the ALJ's treatment of the state agency physicians' opinions.

Plaintiff next objects that the R. & R. found that the ALJ did not err in his assessment of Plaintiff's shoulder impairments and his discussion of the state agency physicians' opinions. [Doc. No. 18 at 7–9]. The opinions concluded that Plaintiff had limitations in reaching front, laterally, and overhead bilaterally, but the ALJ only included limitations on overhead reaching. [*Id.* at 7]. Plaintiff asserts that the ALJ found the opinions only partially persuasive without properly discussing supportability and consistency and that SSR 96-8p requires the ALJ to explain how any material inconsistencies or ambiguities in the evidence were considered and resolved. [*Id.* at 7–9].

The Court turns first to Plaintiff's argument regarding supportability and consistency. Title 20 C.F.R. § 416.920c requires the ALJ to determine the persuasiveness of medical opinions by considering factors enumerated within that section, the most important being supportability and consistency. 20 C.F.R. § 416.920c(a). Accordingly, the ALJ must "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [his] determination or decision." 20 C.F.R. § 416.920c(b)(2). Plaintiff asserts that the ALJ failed to explain how he considered supportability and consistency regarding the opinions of the state agency physicians. [Doc. No. 18 at 8]. The Court agrees with the R. & R.'s assessment that the ALJ did consider supportability and consistency in his determination

7

that the state agency physicians' opinions were partially persuasive. [*See* Doc. No. 17 at 10–11]. Plaintiff argues that the ALJ's "truncated" analysis does not meet the legal standard, but the applicable regulation does not require a particular amount or type of analysis other than an explanation. *See Harrison v. Comm'r, SSA*, No. 22-4108, 2024 WL 1856553, at *4 (10th Cir. Apr. 29, 2024) ("The text of § 416.920c provides the agency will explain how we considered the consistency factor, § 416.920c(b)(2), but it does not appear to more specifically require an explanation of whether any one source's opinion was consistent with that of another individual source.") (quotation modified). The ALJ complied with the regulation by explaining the other medical evidence that was inconsistent with the opinions. [*See* Doc. No. 5-2 at 22].

Plaintiff also argues that the ALJ failed to comply with SSR 96-8p by not addressing why he did not include a limitation in front and lateral reaching, which conflicted with the opinions of the state agency physicians. [Doc. No. 18 at 9]. Despite Plaintiff's objection to the R. & R.'s consideration of the record as a whole regarding this limitation, the Court concludes that it was proper for the R. & R. to analyze the record to see if the ALJ applied the correct legal standards and acted reasonably in not imposing a limitation upon front and lateral reaching. *See, e.g.*, *Robert E. M. v. Saul*, No. 19-CV-0002-CVE-JFJ, 2020 WL 4437465, at *5 (N.D. Okla. Aug. 3, 2020) (examining the administrative record to determine if the court could follow the ALJ's reasoning in declining to impose a specific limitation because the Tenth Circuit does not required "technical perfection") (citing *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166–67 (10th Cir. 2012)).

> **D.** **The R. & R. properly evaluated whether the ALJ included the correct limitations in the RFC and the hypothetical questions.**

Lastly, Plaintiff asserts two errors that occurred regarding the RFC, the hypotheticals the ALJ posed to the vocational expert, and at step five. First, Plaintiff argues that the ALJ should have included additional reaching limitations in the hypothetical questions posed to the vocational expert and in the RFC and thus would have had to reconsider whether Plaintiff can perform any of the jobs found for him at step five. [Doc. No. 18 at 9–10]. Because, as outlined above, the Court agrees with the R. & R. that the ALJ committed no error regarding additional reaching limitations, the R. & R. properly concluded that the ALJ did not have to include these limitations in the hypothetical questions, the RFC, or reconsider the jobs Plaintiff could perform at step five. [*See* Doc. No. 17 at 16–17].

Second, Plaintiff argues that, although the ALJ determined that Plaintiff had a severe visual impairment at step two, he failed to consider that impairment throughout the sequential analysis. [Doc. No. 18 at 11]. Specifically, Plaintiff asserts that the RFC should have accounted for the visual impairment and that the R. & R. provides *post hoc* justifications for the ALJ's failure to do so. [*Id.* at 11–12]. The R. & R. concluded that Plaintiff did not prove that he had any limitations associated with his visual impairment and that the record does not support a functional limitation in the RFC based on Plaintiff's visual impairment. [Doc. No. 17 at 18–19].

The Court agrees with the R. & R.'s assessment that the ALJ did not have to include Plaintiff's visual impairment in the RFC because Plaintiff had not established that

limitations existed relating to that impairment. As stated in the R. & R., "Plaintiff, however, does not point to evidence in the record for a functional vision limitation on his ability to work." [*Id.* at 18]. "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." SSR 96-8P (July 2, 1996). Accordingly, the ALJ only had to include limitations related to Plaintiff's visual impairment to the extent the record supported such limitations existed.

Nor does the Court find error in the R. & R.'s examination of the record to determine if it supports Plaintiff had visual limitations. *See, e.g.*, *Jimison ex rel. Sims v. Colvin*, 513 F. App'x 789, 793 (10th Cir. 2013) (unpublished) (examining the record to determine if it established that functional limitations and restrictions existed for particular impairments). The R. & R. concluded that "[t]he ALJ did not include, and the record does not support, a functional limitation in the RFC based on Plaintiff's retinal detachment and defects." [Doc. No. 17 at 19].

Because the Court finds that the R. & R. did not err regarding its determination that the ALJ did not need to include limitations related to Plaintiff's visual impairment in the RFC, the Court also agrees with the R. & R.'s related assessment of the hypothetical questions and the ALJ's step-five findings. [*See id.* at 20–21].

## III.    CONCLUSION

For the reasons outlined above, the Court ACCEPTS the R. & R. and AFFIRMS the decision of Defendant. A separate judgment will follow.

IT IS SO ORDERED this 15th day of June 2026.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

11